UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEMPSTER R. CHERRY,                    )   NO.   ED CV 05-393-E
                                       )
                 Plaintiff,            )
                                       )
       v.                              )   MEMORANDUM OPINION
                                       )
JO ANNE B. BARNHART, COMMISSIONER      )   AND ORDER OF REMAND
OF SOCIAL SECURITY ADMINISTRATION,     )
                                       )
                 Defendant.            )
_____)

       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.


                              PROCEEDINGS


       Plaintiff filed a complaint on May 13, 2005, seeking review
of the Commissioner's denial of benefits.  The parties filed a consent
to proceed before a United States Magistrate Judge on August 16, 2005.
Plaintiff filed a motion for summary judgment on October 28, 2005.

1  Defendant filed a cross-motion for summary judgment on January 11,

2  2006.   The Court has taken both motions under submission without oral

3  argument.   See L.R. 7-15; "Order," filed May 23, 2005.

4

5                BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

6

7        Plaintiff seeks disability benefits based on alleged physical

8  and mental impairments (Administrative Record ("A.R.") 322-30).   The

9  Administrative Law Judge ("ALJ") denied benefits, ruling that

10 Plaintiff has no severe mental impairment and finding Plaintiff's

11 contrary testimony not credible (A.R. 11-18).   The Appeals Council

12 denied review (A.R. 3-5).

13

14                        STANDARD OF REVIEW

15

16        Under 42 U.S.C. section 405(g), this Court reviews the

17 Commissioner's decision to determine if: (1) the Commissioner's

18 findings are supported by substantial evidence; and (2) the

19 Commissioner used proper legal standards.   See Swanson v. Secretary,

20 763 F.2d 1061, 1064 (9th Cir. 1985).

21

22                            DISCUSSION

23

24        As discussed below, it appears the ALJ's decision

25 mischaracterizes the medical record in certain particulars.   The

26 potential materiality of these mischaracterizations, though uncertain,

27 warrants remand.

28 ///

1    In finding Plaintiff's alleged mental impairments non-severe,
2  the ALJ's decision states Plaintiff "has undergone no mental health
3  treatment" and "no medical source of record has opined or identified
4  any significant medically determinable mental impairments lasting at
5  least 12 months" (A.R. 12, 16).  In fact, the record reflects daily
6  prescription drug therapy for alleged depression, beginning October
7  2003, and continuing well into 2004, if not to the present date (A.R.
8  87, 293).[1]  Furthermore, Dr. Lopez, Plaintiff's treating physician,
9  specifically opined Plaintiff has significant mental impairments that
10  have lasted or could be expected to last at least 12 months (A.R.
11  319).  "[I]naccurate characterization[s] of the evidence," when
12  material, warrant remand.  See Regennitter v. Commissioner, 166 F.3d
13  1294, 1297 (9th Cir. 1999); Lesko v. Shalala, 1995 WL 263995 *7
14  (E.D.N.Y. Jan. 5, 1995).

15

16    The materiality of these mischaracterizations is uncertain.
17  Elsewhere in the decision, the ALJ mentions "prescribed antidepressant
18  medications" (though apparently without acknowledging the long-term
19  administration of the medication) (A.R. 13).  Similarly, parts of the
20  ALJ's decision reject Dr. Lopez' opinions (though without specifically
21  addressing Dr. Lopez' opinion regarding the alleged duration of
22  Plaintiff's asserted impairments).

23

24    Despite the uncertainty of the mischaracterizations'
25  materiality, three considerations persuade the Court to remand the

26  _____

27    [1]    Plaintiff has taken Fluoxetine.  Id.  Fluoxetine is a
   prescription  drug  "indicated  for  the  treatment  of  a  major
28  depressive disorder."  Hill v. Ehrlich, 2005 WL 1220885 n.9 (D. Md.
   May 23, 2005).

1   matter for further administrative proceedings.  First, a finding of

2   "severity" under Social Security law requires relatively little

3   evidence of impairment.

4

5           An impairment or combination of impairments is found

6           'not severe' . . . when medical evidence establishes

7           only a slight abnormality or a combination of slight

8           abnormalities which would have no more than a minimal

9           effect on an individual's ability to work . . . i.e.,

10          the person's impairment(s) has no more than a minimal

11          effect on his or her physical or mental ability(ies)

12          to perform basic work activities . . .

13

14          Great care should be exercised in applying the not

15          severe impairment concept.  If an adjudicator is unable

16          to determine clearly the effect of an impairment or

17          combination of impairments on the individual's ability

18          to do basic work activities, the sequential evaluation

19          process should not end with the not severe evaluation

20          step.

21

22          If such a finding [of non-severity] is not clearly

23          established by medical evidence, however, adjudication

24          must continue through the sequential evaluation process.

25          SSR 85-28 at 22-23.[2]

26

_____

27      [2]     Social    Security    Rulings    are    binding    on    the
28  Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1
    (9th Cir. 1990).

4

1     See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the

2     severity concept is "a de minimis screening device to dispose of

3     groundless claims").

4

5         Second, the ALJ's comments at the hearing suggest that, at

6     least at that time, the ALJ believed the severity of Plaintiff's

7     alleged mental impairments presented a close issue requiring further

8     review of the record.

9

10         I wasn't looking at this as a depressive situation, and

11         I really didn't look at the records with that in mind,

12         so I will review the records again and -- in light of

13         Dr. Lopez' evaluation, because it seems as though the

14         depressive disorder is at least as significant, if not

15         more significant, than any of the other disorders, at

16         least singularly, so let me evaluate that in combination

17         with the others and I'll prepare a written Decision"

18         (A.R. 332) (emphasis added).[3]

19

20         Third, the ALJ cited the 12-month durational requirement and

21     the supposed lack of "mental health treatment" as part of the ALJ's

22     rationale for finding Plaintiff's testimony not credible (A.R. 16).

23     Although the credibility analysis might well remain the same

24     notwithstanding the arguable mischaracterizations of the record,

25     ――――――――――――

26        [3]     Notably, the ALJ found Plaintiff's alleged physical
impairments to be severe (A.R. 17). If, on remand, the ALJ finds

27     Plaintiff's alleged mental impairments also to be severe, the ALJ
must make the specific findings required under 20 C.F.R. section

28     404.1520a(c)-(e). See, e.g., Lindsay v. Barnhart, 370 F. Supp. 2d
1036, 1044-45 (C.D. Cal. 2005).

1 mention of these matters in the credibility analysis raises further

2 uncertainty.

3

4     When a court reverses an administrative determination, "the

5 proper course, except in rare circumstances, is to remand to the

6 agency for additional investigation or explanation." INS v. Ventura,

7 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is

8 proper where, as here, additional administrative proceedings could

9 remedy the defects in the decision. See generally Kail v. Heckler,

10 722 F.2d 1496, 1497 (9th Cir. 1984).

11

12                         CONCLUSION

13

14     For all of the foregoing reasons,[4] Plaintiff's and Defendant's

15 motions for summary judgment are denied and this matter is remanded

16 for further administrative action consistent with this Opinion.

17

18     LET JUDGMENT BE ENTERED ACCORDINGLY.

19

20     DATED:  January 19, 2006.

21

22

23                              _____/S/_____

                                    CHARLES F. EICK
24                              UNITED STATES MAGISTRATE JUDGE

25

26  _____

    [4]     The Court need not and does not adjudicate any of the
27 other issues raised by Plaintiff, except insofar as to determine
    that a reversal with a direction to award benefits would not be
28 appropriate.

6